■ In the Matter of DIANA DEUBEL, Respondent, v. BERNARD M. KAHN, Appellant.— Appeal from order of Family Court, denying defendant's motion for an examination before trial in a paternity proceeding, dismissed, without costs. Appeals to the Appellate Division from orders of the Family Court may only be taken as of right from orders of disposition (Family Court Act, § 1012). An order of disposition is one that follows after a hearing upon a petition (§ 833) and makes one of the determinations on that petition set out in section 841. Appeals from any other order are discretionary with the Appellate Division (§ 1012). As no application for leave to appeal was made, the appeal is not properly before the court. Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.

■ W. R. SIMMONS AND ASSOCIATES RESEARCH, INC., Respondent, v. ZIFF-DAVIS PUBLISHING COMPANY, Appellant.— Two orders, entered on December 24, 1962, denying defendant's motion to vacate plaintiff's notice of examination before trial, denying defendant's motion to strike plaintiff's second amended complaint for failure to appear for examination before trial, and granting plaintiff priority of examination, plaintiff's examination to proceed after service of its further bill of particulars, modified on the law and as a matter of discretion to provide that defendant's examination of plaintiff proceed at a date to be fixed in the order; that plaintiff's examination follow defendant's examination provided plaintiff has complied with the order herein directing service of its further bill of particulars, and, as so modified, affirmed, with $20 costs and disbursements to appellant. We are very loath to disturb the exercise of discretion by Special Term in a detail of procedure such as is presented here. However, we must conclude that the dilatory tactics indulged in by the plaintiff create a special situation requiring a change in the usual order of procedure of examination before trial (New York County Supreme Court Rules, rule XI, subd. 5). The disposition at Special Term would make defendant's examination dependent on plaintiff's completing its examination, and the latter, in turn, dependent on plaintiff's giving the particulars ordered. As plaintiff has shown no disposition to comply with earlier orders, but rather to evade them, the order of examination could enable plaintiff, by continuing its tactics, to so delay defendant's preparation as to cause serious embarrassment. Concur — Rabin, McNally and Steuer, JJ.; Breitel, J. P., and Eager, J., dissent and vote to affirm. Settle order on notice.

■ In the Matter of EASTERN CAPITAL CORP., Appellant, v. WALTER FREEMAN, Judgment Debtor. LAURENCE MARCHINI, as Receiver, Respondent.— Order, entered on May 15, 1963, unanimously reversed and vacated on the law and on the facts, without costs, and motion for an order authorizing the receiver in supplementary proceedings to retain an attorney in all respects denied. The petition by the receiver for the appointment of an attorney merely stated that "There are presently no assets of the debtor available to the judgment creditor"; and that "Your petitioner is of the belief that such assets may be able to be obtained by proceedings brought pursuant to section 270 et seq. of the Debtor & Creditor Law." There is nothing in the petition, however, to indicate the basis or propriety for any such proceedings by the receiver. In view of the requirement that the petition to authorize a receiver to employ counsel shall show "that the employment of counsel is necessary" (Rules Civ. Prac., rule 180) the order here is not properly supported. Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.